UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRELL JAMES ROBEY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SANDERS,<br><br>　　　　Defendant. | CAUSE NO. 3:22-CV-377-JD-MGG |

OPINION AND ORDER

Terrell James Robey, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 9.) His original complaint was stricken because he did not use the court's approved prisoner complaint form or provide the information requested on the form. Additionally, as the court explained to him in detail, his allegations were difficult to follow, and it was not clear who he was trying to hold liable or why. (ECF 4.)

Therefore, the court afforded him an opportunity to file an amended complaint, sent him the complaint form that he was required to use, and instructed him to complete all the questions on the form to the best of his ability and return the form by June 13, 2022. (*Id.*) The court also instructed him to write legibly, printing if necessary, as his handwriting was quite difficult to read. (*Id.* at 2.) In response, he sent the court letters, but he did not file an amended complaint. (ECF 5, 6.) In the interest of justice, the court extended the deadline for him to file an amended complaint and again instructed him to use the form sent to him by the clerk. (ECF 7.)

He responded with the present filing. (ECF 9.) For unknown reasons, he did not use the complaint form that was sent to him, nor does his filing track the form. *See* N.D. IND. L.R. 7-6 (providing that the court can require litigants representing themselves to use clerk-supplied complaint forms). He is expected to comply with applicable procedural rules even though he is proceeding without counsel.[1] *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). Additionally, as with the original complaint, some of his handwriting is not legible, and the structure is also confusing in that it consists of a mixture of allegations, legal arguments, and commentary addressed to the court. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (observing that Federal Rule of Civil Procedure 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). Nevertheless, based on the procedural history of this case, it does not appear that giving Mr. Robey another opportunity to replead his claims is likely to result in a better pleading. The court will therefore proceed to screen the complaint as drafted.

Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell*

---

[1] The court is cognizant that Mr. Robey claims to have mental health issues, such as gender dysphoria, anxiety, and depression. These issues would not appear to impact his ability to read and follow the court's instructions.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Robey is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Robey is currently incarcerated at New Castle Correctional Facility. It can be discerned that he is complaining about events occurring at Indiana State Prison ("ISP") in November 2021. He claims that during this period, he told custody staff he felt suicidal. They in turn told prison physician Dr. Christina Chico, who had him placed on suicide watch on November 26, 2021. He remained on suicide watch for several days, during which time Officer Sanders (first name unknown) was on duty. He claims that at some point an inmate porter supplied him with a razor, and on November 28, 2021, he told Officer Sanders that he had a razor and felt suicidal, to which Officer Sanders allegedly responded, "Go for it." (ECF 9 at 9.) The following day, Mr. Robey made another suicide attempt by injuring his wrists. Based on these events, he sues Officer Sanders for deliberate indifference, seeking monetary damages and other relief.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay

person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). But they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. This includes appropriate measures to address the risk of self-harm from suicide. *Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 565 (7th Cir. 2021). To state a claim for deliberate indifference to the risk of suicide, the plaintiff must allege that the defendant "(1) subjectively knew the prisoner was at substantial risk of death by suicide and (2) intentionally disregarded the risk." *Id.* at 566 (internal alteration omitted).

Giving Mr. Robey the inferences to which he is entitled at this stage, he has plausibly alleged that Officer Sanders was aware that he posed a risk of suicide and had the means of injuring himself, but deliberately turned a blind eye to the risk. Rather than taking away the razor or alerting medical staff that Mr. Robey posed a danger to himself, Officer Sanders allegedly told him to "[g]o for it." The following day, Mr. Robey made another suicide attempt. He will be permitted to proceed on an Eighth Amendment claim against Officer Sanders for monetary damages.

The court notes that as with his original complaint, Mr. Robey states that he is suing two defendants but lists only Officer Sanders. The court cannot discern any viable claim against another defendant. He includes allegations about Dr. Chico, but he is already proceeding against Dr. Chico in a separate lawsuit alleging that she did not

4

provide proper medical care for his depression. *See Robey v. Chico*, 3:22-CV-71-JD-MGG (N.D. Ind. filed Jan. 21, 2022). Likewise, he describes issues with two staff members at Pendleton Correctional Facility prior to his transfer to ISP, but he raised these claims in the #71 case and the court told him they had to be pursued in the Southern District of Indiana. *Id.*, ECF 3. It is "malicious" for him to use the in forma pauperis statute to file lawsuits containing duplicative claims. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). (federal suit may be dismissed when it duplicates claims in another pending lawsuit). The court will presume that he did not intend to reassert these claims here and merely included some of the same information for background. He will not be permitted to proceed on any claim related to these allegations.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Sanders in his personal capacity for monetary damages for deliberate indifference to his risk of suicide on November 28, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Sanders (first name unknown) at the Indiana Department of Correction and to send him a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(5) ORDERS Officer Sanders to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT