UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRELL JAMES ROBEY,<br><br>        Plaintiff,<br><br>        v.<br><br>SANDERS,<br><br>        Defendant. | CAUSE NO. 3:22-CV-377-JD-JPK |

OPINION AND ORDER

Terrell James Robey, a prisoner without a lawyer, is proceeding in this case "against Officer Sanders in his personal capacity for monetary damages for deliberate indifference to his risk of suicide on November 28, 2021, in violation of the Eighth Amendment[.]" ECF 10 at 5. Specifically, Robey alleged in his complaint that while he was on suicide watch he told Officer Sanders he had a razor and felt suicidal, and Officer Sanders responded to "go for it." *Id.* at 3. Officer Sanders filed a motion for summary judgment, arguing Robey did not exhaust his administrative remedies prior to filing this lawsuit. ECF 29. Robey filed a response, and Officer Sanders filed a reply. ECF 34, 35, 36, 38. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was

effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Officer Sanders argues Robey did not exhaust his administrative remedies because he did not file or attempt to file a formal grievance related to his allegation that Officer Sanders was deliberately indifferent to his risk of suicide on November 28, 2021. ECF 30 at 4-5. Specifically, Officer Sanders offers an attestation from the prison's Grievance Specialist that Robey never submitted any grievance complaining of Officer Sanders' alleged conduct. ECF 29-1 at 4. The Grievance Specialist further attests that, while Robey did submit a grievance on December 5, 2021, complaining that medical staff had provided inadequate care for his mental health issues, this grievance did not address Officer Sanders' alleged conduct. *Id.* The parties provide a copy of Robey's December 5 grievance, in which he complained he received inadequate treatment from medical staff and requests as relief that he be transferred to a prison with better medical care. ECF 29-3; ECF 36-2 at 1-2. The December 5 grievance does not mention any conduct by Officer Sanders or any other correctional officer. *Id.*

3

In his response, Robey argues that his December 5 grievance put the prison on notice as to his claim against Officer Sanders, as the grievance "clearly explained and articulated" that he informed Officer Sanders he had a razor blade and Officer Sanders told him to "go for it." ECF 36-2 at 1-2. But the records provided by Robey bely this argument, and instead show the December 5 grievance does not mention any conduct by Officer Sanders or any other correctional officer. ECF 36-3 at 2-3. The Seventh Circuit has held that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Here, Robey's December 5 grievance complains only that he has been denied adequate mental health treatment by medical staff, and does not alert the prison that any correctional officer has in any way mistreated him or been indifferent to his risk of suicide. Because Robey's December 5 grievance did not put the prison on notice of his allegation that Officer Sanders was deliberately indifferent to a risk of suicide on November 28, 2021, Robey cannot rely on that grievance to show he exhausted his claim in this lawsuit. *See Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"); *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it); *Phelps v. Neal*, No. 1:19-CV-643, 2020 WL 4284798, at *1-2 (N.D. Ind. July 27, 2020) (concluding an inmate's grievance complaining about a mouse infestation in his cell and requesting medical treatment did not put the prison on notice to his claim a nurse had denied him treatment for a mouse bite); *Shaw v. Frank*, 288 F.

App'x 299, 301-02 (7th Cir. 2008) (concluding an inmate's grievance requesting a procedure available only to inmates enrolled in a Sex Offender Treatment Program did not put the prison on notice that he was requesting re-enrollment in the program); *Roahrig v. Novak*, No. 3:21-CV-270, 2023 WL 346216, at *3 (N.D. Ind. January 19, 2023) (concluding an inmate's three grievances complaining of an attack by another inmate did not put the prison on notice that a correctional officer had failed to protect her from the attack).

Accordingly, because Officer Sanders has provided undisputed evidence Robey did not exhaust any grievance related to his claim that Officer Sanders was deliberately indifferent to a risk of suicide on November 28, 2021, Officer Sanders has met his burden to show Robey did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment is warranted in his favor.

For these reasons, the court:

(1) GRANTS Officer Sanders' motion for summary judgment (ECF 29);

(2) DENIES Terrell James Robey's motion in opposition to Officer Sanders' summary judgment motion (ECF 34); AND

(3) DIRECTS the clerk to enter judgment in favor of Officer Sanders and against Terrell James Robey and to close this case.

SO ORDERED on May 25, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT